**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN KING,

      Plaintiff - Appellant,

v.

JIM DOWNING, SR.,

      Defendant - Appellee.

No. 02-5029
(D.C. No. 01-CV-149-K)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Steven King appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging his supervisor violated his First Amendment rights. King,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

a paid firefighter with the Berryhill Fire Protection District at the time of his complaint, alleges Jim Downing, Sr., the volunteer chief of the Fire District, restrained him from speaking about (a) allegations a coworker had misspent money from a publicly funded volunteer association fund; (b) allegations about an attempted theft of publicly donated charitable funds; (c) allegations of unauthorized use of a gas credit card by unknown persons; (d) his complaints that the Fire District had allowed his health insurance to lapse; and (e) his interest in forming a union. King alleges that Downing threatened to fire him.

Downing responds he did not restrain King's speech, but only admonished King to stop his continual gossip and idle talk accusing others of misappropriation and theft because King had no proof of any wrongdoing and Downing feared King's ceaseless and unfounded accusations were causing morale problems within the department. Downing contends that he took no adverse employment action against King.

It is well-established that a government employer cannot "condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers*, 461 U.S. 138, 142 (1983). "However, when the government acts as an employer, the First Amendment does not apply with full force." *Arndt v. Koby*, 309 F.3d 1247, 1251 (10th Cir. 2002) (quotation omitted). "Thus, the government as employer 'may impose restraints

on the job-related speech of public employees that would be plainly

unconstitutional if applied to the public at large.'"      *Id*. (quoting *United States v.*

*Nat'l Treasury Employees Union*, 513 U.S. 454, 465 (1995)).

> When a government employer has allegedly taken adverse action
> because of an employee's exercise of [his] free speech, we apply the
> test derived from *Pickering v. Board of Education*, 391 U.S. 563
> (1968), and *Connick [ ]*, 461 U.S. 138. That four-part test asks the
> following questions:
>
> 1. Whether the speech in question involves a matter of public
> concern.
> 2. If so, we must weigh the employee's interest in the expression
> against the government employer's interest in regulating the speech
> of its employees so that it can carry on an efficient and effective
> workplace.
> 3. Employee must show the speech was a substantial factor driving
> the challenged governmental action.
> 4. If so, can the employer show that it would have taken the same
> employment action against the employee even in the absence of the
> protected speech?

*Kent v. Martin*, 252 F.3d 1141, 1143 (10th Cir. 2001) (citations and quotation

omitted).

Applying the *Pickering/Connick* balancing test, the district court granted

summary judgment in favor of Downing. It concluded that the issue of King's

lapsed insurance and his interest in forming a union failed at the first step,

because both involved personnel issues, not protected speech that touched on

matters of public concern. *See Connick*, 461 U.S. at 146 (holding that if the

speech in question does not address a matter of public concern, there is no First

Amendment violation).  The district court further concluded that King's claims regarding the volunteer association fund issue, the purported theft of charitable donations, and the alleged misuse of a gas credit card failed at the third and fourth step, because King did not show that Downing took *any* detrimental or adverse action against him.

> We review the grant of summary judgment de novo, applying the same standard as did the district court.  Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  In cases involving the First Amendment, the de novo standard is appropriate for the further reason that in cases raising First Amendment issues an appellate court has an obligation to make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression.

*Arndt*, 309 F.3d at 1250-51 (citations, quotations and alterations omitted).

On appeal, King first contends the district court erred in dismissing his claim relating to his union organizing communications.  King does not dispute the district court's conclusion, applying the *Pickering/Connick* test, that King's communications relating to forming a union did not involve matters of public concern. [1]  Rather, he contends the district court erred in applying the

---

[1]     We note that an employee's speech or activity does not touch on a matter of public concern merely because it is union-related.  Rather, courts consider the content, form, motive and context of the communications, as revealed by the whole record.  *See David v. City & County of Denver*, 101 F.3d 1344, 1355
(continued...)

*Pickering/Connick* "public concern" balancing test to this claim. First, he argues the test is inapplicable because of his contention that Downing violated his First Amendment associational rights as well as his free speech rights. This court has recognized that the *Pickering/Connick* public concern test "may be an inapt tool of analysis" in some public employee/free association contexts. *Schalk v. Gallemore*, 906 F.2d 491, 498 n.6 (10th Cir. 1990). The district court correctly ruled, however, that where the free speech and free association claims are identical, as they are in this case, application of the *Pickering/Connick* public concern test is appropriate. *See id*.

Second, King argues a more appropriate analysis would be that used by the Fifth Circuit in *Texas State Teachers Ass'n v. Garland Independent School District*, 777 F.2d 1046 (5th Cir. 1985). In that case, the court applied the "'material and substantial'" disruption of the school test articulated in *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 513 (1969), to hold that a written school board policy prohibiting inter-teacher communications concerning employee organizations during non-classroom hours was unconstitutional. *Tex. State Teachers Ass'n*, 777 F.2d at 1053-55. The

---

[1](...continued)
(10th Cir. 1996). "To be protected speech, the expression must sufficiently inform the issue as to be helpful to the public in evaluating the conduct of government." *Withiam v. Baptist Health Care of Okla., Inc.*, 98 F.3d 581, 583 (10th Cir. 1996) (quotation marks and citation omitted).

*Garland* and *Tinker* analyses, however, are simply not applicable in this case because they involve the review of speech restrictions in the unique public school setting, whereas the *Pickering/Connick* tests are applicable in the "more general public setting." *Miles v. Denver Public Schs.*, 944 F.2d 773, 777 (10th Cir. 1991). Moreover, unlike *Garland*, there is no allegation here that Downing imposed a blanket prohibition on all present and future union-related speech by all or a vast group of employees. *Cf. Nat'l Treasury Employees Union*, 513 U.S. at 468 (holding unconstitutional a federal law imposing a prior restraint on a broad range of speech by all federal employees, noting that a widespread, blanket prohibition on governmental employees' potential speech "gives rise to far more serious concerns than could any single supervisory decision").

Next, King contends the district court erred in finding no evidence of adverse employment action with respect to his claims relating to the volunteer association fund, the alleged theft of charitable donations, and the alleged misuse of a gas credit card. King made a bare, conclusory allegation that Downing retaliated against him by threatening to fire him. Nothing in the record, however, connects this alleged general threat to King's continued speech about the volunteer association fund, the alleged theft of charitable donations, or the alleged misuse of a gas credit card. Once a properly supported motion for summary judgment is made, "the adverse party 'must set forth *specific* facts

showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e) (emphasis added)). We agree with the district court's assessment of the evidence, and conclude that King presented no "concrete evidence from which a reasonable juror could return a verdict in his favor." *See id.*, 477 U.S. at 256.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge